IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MANOR CARE OF BETHLEHEM PA (2029), LLC d/b/a MANORCARE HEALTH SERVICES-BETHLEHEM (2029), | : : : : : | |
| Petitioner, | : : | CIVIL ACTION NO. 14-mc-135 |
| v. | : : | |
| CAROL HUBER, | : : | |
| Respondent. | : | |

## **MEMORANDUM OPINION**

Smith, J.                                                                                                                                    July 9, 2014

Before the Court is the Motion to Designate and Appoint Arbitrator for the Respondent filed by Petitioner Manor Care of Bethlehem PA (2029), LLC d/b/a ManorCare Health Services Bethlehem (2029) ("Motion to Designate and Appoint"). Doc. No. 1. For the reasons set forth below, the Court will dismiss this action for lack of subject-matter jurisdiction and deny the Motion to Designate and Appoint as moot.

On May 20, 2014, Petitioner filed the Motion to Designate and Appoint seeking a designation and appointment of an arbitrator under Section 5 of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 5, with respect to a dispute arising from a patient's stay at Petitioner's nursing facility. *See* Motion to Designate and Appoint at ¶ 14. On June 17, 2014, and after determining that the Motion to Designate and Appoint failed to properly invoke the Court's subject-matter jurisdiction, the Court entered an Order giving Petitioner 21 days to file an amended motion to cure this jurisdictional defect. *See* Doc. No. 3. In the same Order, the Court cautioned Petitioner that this matter faced dismissal should Petitioner fail to file a jurisdictionally-sound motion. *See id.* To date, Petitioner has failed to file an amended motion.

Due to the constitutional origins of federal jurisdiction, "federal courts have an ever-present obligation to satisfy themselves of their subject matter jurisdiction and to decide the issue *sua sponte*." *Liberty Mut. Ins. Co. v. Ward Trucking Corp.*, 48 F.3d 742, 750 (3d Cir. 1995). Although the Motion to Designate and Appoint does not include an explicit jurisdictional statement, the Court interprets Petitioner's exclusive citation to the FAA as an implicit suggestion that the Act is a self-executing grant of jurisdiction. The Court, however, must look beyond the FAA for its jurisdictional grant as the FAA is not a jurisdiction-conferring mechanism. *See Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 581-82 (2008) ("As for jurisdiction over controversies touching arbitration, the Act does nothing, being 'something of an anomaly in the field of federal-court jurisdiction' in bestowing no federal jurisdiction but rather requiring an independent jurisdictional basis." (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 25 n.32 (1983))). Because Petitioner has not supplied the Court with an independent jurisdictional basis to sustain the Motion to Designate and Appoint,[1] the Court will dismiss this action without prejudice for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(h)(3).[2] Consequently, the Court will deny the Motion to Designate and Appoint as moot. An appropriate order follows.

BY THE COURT:

*/s/ Edward G. Smith*
EDWARD G. SMITH, J.

---

[1] The Court, as it must when deciding this jurisdictional issue *sua sponte*, provided Petitioner with notice and an opportunity to be heard via its June 17, 2014 Order.

[2] Federal Rule of Civil Procedure 12(h)(3) provides as follows: "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).